UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| RONNIE L. RICHIE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.  7: 09-69-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Ronnie L. Richie ("Richie") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner").  [Record Nos. 10 and 12]  Richie argues that the administrative law judge ("ALJ") erred in finding that he is not entitled to a period of disability, Social Security Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").  However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Richie.

**I.**

Richie protectively filed for a period of disability, SSI, and DIB on January 8, 2004, alleging that his disability began on April 23, 2003.  [Tr., p. 189-191, 278-280]  However, the ALJ mistakenly noted that the alleged onset date was April 21, 2005.  [Tr., p. 18].  Richie's

claim was denied initially and upon reconsideration. [Tr., p. 136-148, 13-24] Thereafter, the case was remanded by the Appeals Council and combined with a subsequent SSI application for further proceedings. [Tr., p. 290-292] On September 9, 2008, Richie, along with his attorney and vocational expert ("VE") Daryl Martin appeared before ALJ Don Paris for the most recent administrative hearing. [Tr., p. 519-551] On December 17, 2008, ALJ issued an opinion denying Richie's applications. [Tr., p. 13-24] The Appeals Council denied Richie's request for review on April 6, 2009. [Tr., p. 9-11] Having exhausted his administrative remedies, Richie commenced this proceeding.[1]

After reviewing the record and the testimony presented at the hearing, the ALJ concluded that Richie has the following severe impairments: adhesive capsulitis of the right shoulder; mild degenerative disc disease of the lumbar spine with left L5 radiaulopathy; degenerative joint disease of the knees; recurrent major depressive disorder; and social phobia/social anxiety. [Tr., p. 19, ¶ 3] In addition, the ALJ found that Richie has mild limitations in activities of daily living [Tr., p. 19]; moderate restrictions in social functioning [Tr., p. 20]; and moderate restrictions in the area of concentration, persistence, or pace [Tr., p. 19]. Notwithstanding these impairments, the ALJ found that Richie retained the residual functional capacity ("RFC") to perform light work. [Tr., p. 20] The ALJ further concluded that Richie:

> may lift/carry 20 pounds occasionally and ten pounds frequently; stand/walk 6 hours in an 8 hour day; sit 6 hours in an 8 hour day; only occasionally push/pull with the right upper extremity and no more than frequently push/pull or use foot

---

[1] Richie was fifty-three years old at the time of the most recent administrative hearing. [Tr., p. 189] He dropped out of school when he was in the eighth grade. [Tr., pp. 559-560]. Richie previously worked unloading trucks and railroad cars for various companies. [Tr., pp. 560-561] Richie's alleged disability stems from depression and pain in his back, ankles, knees, right shoulder, and right hand. [Tr., pp. 562-566]

controls with the lower extremities. He can occasionally climb stairs or ramps, but never ladders, ropes, or scaffolds; occasionally bend, twist, kneel, stoop, or crouch but never crawl; only occasionally reach or lift overhead with the right upper extremity (the claimant is right hand dominant). He also suffers from mental impairments; however, he retains the mental capacity to understand, remember, and carry out instructions towards the performance of simple, repetitive work tasks without limitations; he is moderately limited in his ability to tolerate work stress and pressure of day-to-day employment (moderate is defined as limitation in an area, but the individual is still able to function satisfactorily); he is moderately limited in his ability to sustain concentration and attention towards the performance of simple, repetitive work tasks; and he is moderately limited in his ability to respond appropriately to supervisors and co-workers in a work setting; he would perform better in a work environment in which there is limited interaction and contact with the general public.

[Tr., p. 20] As a result of this assessment, the ALJ determined that Richie had not been under a disability as defined in the Social Security Act, from April 21, 2005, through December 17, 2008 (the date of the decision). [Tr., p. 17]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. 416.920(a)(4). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can do past work. If he can, he is not disabled. 20 C.F.R. § 1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Richie v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the

correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

Richie alleges that the ALJ's decision denying benefits is not supported by substantial evidence because the ALJ failed to consider his pain and obesity. He contends that the ALJ did not properly address all the medical evidence supporting his claim to have disabling pain.[2] Specifically, Richie maintains that the ALJ dismissed the MRI taken in 2007, which demonstrated severe changes, due to a statement from two years prior noting Richie was not a

---

[2] It is well-settled that pain alone, if the result of a medical impairment, may be severe enough to constitute disability. *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (*citing Kirk v. Sec'y of Health and Human Servs*, 667 F.2d 524, 538 (6th Cir. 1981)). In determining whether a claimant is disabled, an ALJ must consider all symptoms, including pain. *See* 20 C.F.R. § 404.1529 (2010).

surgical candidate. [Tr., pp. 21-22] Plaintiff further asserts that the ALJ did not even mention the MRI evidence of his degenerative disc disease of the cervical spine in his decision.

Richie argues that the ALJ failed to comply with the procedures established by the Social Security Ruling 96-7p, which state:

> It is not sufficient for the adjudicator to make a single, conclusory statement that the 'individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2 (July 2, 1996). In other words, blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248 (6th Cir. 2007).

Here, the ALJ found that Richie's "medically determinable impairments could reasonably be expected to caused the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." [Tr., p. 21] As the Commissioner points out, the ALJ enumerated several reasons supporting this finding, including that: (1) Richie's activities and the medical evidence of record contradict his subjective complaints; (2) Richie has custody of, and is able to care for, his children, both of whom were under the age of four at the time of the hearing; (3) Richie continued to work after his alleged

onset date; and (4) Richie has a history of non-compliant drug screens and there was a complaint that he was selling his pain medication. [Tr., p. 22]

The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses. Therefore, his conclusions regarding credibility should be highly regarded. *Bradley v. Sec'y of Health and Human Servs*, 862 F.2d 1224, 1227 (6th Cir. 1988) *(citing Kirk v. Sec'y of Health and Human Servs*, 667 F.2d 524, 538 (6th Cir. 1981)). Here, the ALJ complied with the procedures established by the Social Security Ruling 96-7p by clearly stating that Richie's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible and providing detailed reasons for this determination. In addition, the medical records cited by the Commissioner support the ALJ's findings.

The ALJ specifically considered the MRI taken in 2007 and pointed out that, based on Richie's August 2005 MRI, his physician had previously determined that Richie was not a candidate for surgery, [Tr., pp. 22, 100], and after the 2007 MRI, Richie's physician still did not recommend surgery but rather continued himon medication therapy [Tr., p. 504]. The ALJ's decision denying benefits is supported by substantial evidence because the ALJ properly considered Richie's allegations of pain.

Next, Richie argues that the ALJ's decision denying benefits is not supported by substantial evidence because the ALJ failed to consider his obesity as required by the Social Security Ruling 02-1p. This ruling requires:

> An assessment should also be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. As explained in SSR 96-8p ("Titles II and XVI:

> Assessing Residual Functional Capacity in Initial Claims"), our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea.

Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *6 (July 2, 1996). However, the Sixth Circuit has indicated that it would be "a mischaracterization" to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants. *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006). The ruling only states that obesity, in combination with other impairments, "may" increase the severity of the other limitations. *Id*. at 411-12.

Richie did not provide this Court will any evidence showing that his obesity was a medically determinable impairment that affected his ability to perform basic work activities. The ALJ limited Richie to light work. [Tr., p. 20] And Richie has not pointed to any medical records that indicate his obesity would require a greater restriction. While this Court does not find that the ALJ erred, if the ALJ failed to find that Richie's alleged obesity constituted a severe impairment, such error is harmless. *See Maziarz v. Sec'y of Health and Human Servs*, 837 F.2d 240, 244 (6th Cir. 1987) (noting that a failure to find that a particular impairment was severe was not reversible error because the ALJ found other severe impairments and continued with the sequential evaluation). Thus, the ALJ properly considered the relevant evidence and properly performed his duty as the trier of fact of resolving any conflicts in the evidence.

**IV.**

The ALJ's decision denying benefits is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Ronnie L. Richie's Motion for Summary Judgment [Record No. 10] is **DENIED**;

(2) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 12] is **GRANTED**; and

(3) The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 2nd day of April, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge